**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| **FRANK ZASADNY, Jr.,** and **LAURA ZASADNY,** | Bankruptcy No. 16-25112 |
| | Honorable Pamela S. Hollis |
| Debtors. | |

**COVER SHEET FOR FIRST AND FINAL FEE**
**APPLICATION OF MANDELL MENKES LLC**

Name of Applicant:	Mandell Menkes LLC.

Authorized to Provide
Professional Services to:	Joji Takada, not individually, but as the Chapter 7 Trustee of the bankruptcy estate of Frank Zasadny, Jr. and Laura Zasadny

Period for Which
Compensation is Sought:	December 2, 2016 through April 14, 2017.

Amount of Fees Sought:	$     45,000

Amount of Expense
Reimbursement Sought:	$     None

This is a:	First and Final Application

The aggregate amount of fees and expenses *paid* to the Applicant to date for services rendered and expenses incurred herein is: $   0.00   .

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| **FRANK ZASADNY, Jr.,** and | Bankruptcy No. 16-25112 |
| **LAURA ZASADNY,** | Honorable Pamela S. Hollis |
| Debtors. | |

### NOTICE OF APPLICATION

**Please take notice** that on **May 5, 2017, at 10:00 a.m.** or as soon thereafter as counsel may be heard, the undersigned attorneys shall appear before the Honorable Pamela S. Hollis, United States Bankruptcy Judge for the Northern District of Illinois, on the 2nd Floor of the Joliet City Hall Building at 150 West Jefferson Street in Joliet, Illinois, and then and there shall present **The Trustee's First and Final Application for Compensation of His Special Counsel, Mandell Menkes LLC**, a copy of which is attached hereto and herewith served upon you.

| | |
|---|---|
| April 18, 2017 | Respectfully submitted, |
| | **Joji Takada**, not individually, but as Chapter 7 Trustee of the bankruptcy estate of **Frank Zasadny, Jr. and Laura Zasadny** |
| | By: /s/ Jeffrey H. Bergman |
| | One of his attorneys |

Jeffrey H. Bergman (6194442)
**MANDELL MENKES LLC**
One North Franklin Street, Suite 3600
Chicago, Illinois 60606
Phone: (312) 251-1014
E-mail: jbergman@mandellmenkes.com

1

## **CERTIFICATE OF SERVICE**

Jeffrey H. Bergman, an attorney, hereby certifies that on April 18 2017, he caused a true and correct copy of the foregoing **Notice of Motion** and **Trustee's First and Final Application for Compensation of His Special Counsel, Mandell Menkes LLC**, to be filed with the Clerk of the Bankruptcy Court using the CM/ECF system, which will electronically notify the parties listed with the Court.  Those parties that are not listed on the Court's electronic notifying system, will receive the above notice and motion via U.S. Mail, postage prepaid and deposited in the mailbox located at One North Franklin, Chicago, IL.

## **Mailing Information for Case 16-25112**

### **Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- **Jeffrey Bergman**    jbergman@mandellmenkes.com, ngagen@mandellmenkes.com;docket@mandellmenkes.com
- **Patrick S Layng**    USTPRegion11.ES.ECF@usdoj.gov
- **Eric A Mitchell**    tbell@mlawgroup.net, attorneymitchell@aol.com
- **Joji Takada**    trustee@takadallc.com, jtakada@ecf.epiqsystems.com
- **Zane L Zielinski**    trustee@zanezielinski.com, fax@zanezielinski.com

### **Manual Notice List – VIA U.S. MAIL**

| | |
|---|---|
| **American Express**<br>P.O. Box 981537<br>El Paso, TX 79998 | **Chase Bank USA**<br>PO Box 15298<br>Wilmington, DE 19850 |

| | |
|---|---|
| **Citicards**<br>701 E 60th St N<br>Sioux Falls, SD 57104 | **Midwest Laminating and Coating, Inc**.<br>Attn: Jo-Ann Miller<br>4600 W 72nd St, Chicago, IL 60629 |
| **Discover Bank**<br>Discover Products Inc.<br>PO Box 3025<br>New Albany, OH 43054-3025 | **Discover Card**<br>P.O. Box 15316<br>Wilmington, DE 19850 |
| **Fifth Third Bank**<br>5050 Kingsley Drive<br>Cincinnati, OH 45227 | **First Merit Bank**<br>3 Cascade Plz, Ste 3<br>Akron, OH 44308 |
| **First National Bank of Omaha**<br>PO Box 3412<br>Omaha, NE 68103 | **Harris Bank**<br>111 W Monroe Street, Floor 6 W<br>Chicago, IL 60603 |
| **Harris Bank**<br>PO Box 94034<br>Palatine, IL 60094 | **Kohl's**<br>P.O. Box 3043<br>Milwaukee, WI 53201 |
| **Synchrony Bank**<br>Attn: Bankruptcy Dept<br>PO Box 965007<br>Orlando, FL 32896 | Timothy E. Bell<br>**Mitchell Legal Advocates**<br>54 N Ottawa St<br>Suite 100<br>Joliet, Il 60432<br>(Counsel for Debtors and the Defendant) |

　　　　　　　　　　　　　　　　　　　　　　　　/s/ Jeffrey H. Bergman

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re:<br><br>**FRANK ZASADNY, Jr.,** and<br>**LAURA ZASADNY,**<br><br>Debtors. | Chapter 7<br><br>Bankruptcy No. 16-25112<br><br>Honorable Pamela S. Hollis |

**TRUSTEE'S FIRST AND FINAL APPLICATION FOR
COMPENSATION OF HIS SPECIAL COUNSEL,
MANDELL MENKES LLC**

Joji Takada, not individually, but as Chapter 7 trustee (the "Trustee") of the bankruptcy estate of **Frank Zasadny, Jr. and Laura Zasadny** (the "*Debtors*"), hereby submits his first and final application (the "*Application*"), pursuant to 11 U.S.C. §§ 330, 331 and 507(a)(1), seeking compensation totaling $45,000 for legal services performed by the Mandell Menkes LLC. ("Mandell Menkes"), special counsel to the Trustee, during the period of December 2, 2016, through and including April 14, 2017 (the "Application Period"). In support of its Application, Mandell Menkes respectfully states as follows:

**JURISDICTION**

1. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, and Local Rule 40.3.1(a) of the United States District Court for the Northern District of Illinois.

1

2. Venue of the above-captioned case (the "*Case*") and of this motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(1) and (b)(2)(A).

## THE ADVERSARY PROCEEDING

4. On August 4, 2016 (the "Petition Date"), the Debtors filed their voluntary Chapter 7 bankruptcy in this Court. The Trustee is the duly appointed and qualified Chapter 7 trustee of the Debtors' bankruptcy case.

5. Prior to February 2012, Frank Zasadny, Sr. ("Frank Senior"), who is Debtor Frank Zasadny, Jr.'s (Frank Junior") father, held property located at 6886 Island Court, Coloma, Michigan (the "Michigan Property") as a joint tenant with right of survivorship along with Gloria Saenger. Ms. Saenger died in February of 2012, and by operation of law, Frank Senior, as survivor, became the sole owner of the Michigan Property.

6. On June 18, 2012, Frank Senior deeded the Michigan Property to himself and Frank Junior as joint tenants, with right of survivorship. Frank Junior therefore held an undivided 50% interest in the Michigan Property.

7. On June 18, 2015, Frank Senior and Frank Junior deeded the Michigan Property to Frank Senior for no consideration or for nominal consideration (the Transfer"). As a result of this Transfer, Frank Senior now owned the Michigan Property by himself. On the same day, June 18, 2015, Frank Senior signed and recorded a "lady bird" deed, pursuant to which he kept sole ownership of the Michigan Property, with the right to sell it, but with

2

the provision that if he owned it at his death, it would then automatically go to Frank Junior.

8. On December 2, 2016, this Court granted Trustee's Motion to Retain Special Counsel, and authorized the Trustee to retain attorney Jeffrey H. Bergman and his law firm, Mandell Menkes, to prosecute an adversary proceeding seeking to avoid the Transfer as a fraudulent conveyance. The Court's December 2, 2016 Order stated that the Trustee was authorized to retain Mr. Bergman and Mandell Menkes as Special Counsel pursuant to the Retainer Agreement attached to the motion, which provided for a contingent attorneys' fee equal to one-third of any recovery, and further stated that "Special Counsel will be entitled to fees equal to one-third of the recovery on the litigation related to the transfer of 6886 Island Court, Coloma, Michigan to Frank Zasadny, Senior."

9. On behalf of the Trustee, Mandell Menkes filed an Adversary Complaint against Frank Senior and Frank Junior on December 6, 2016, Adversary Case No. 16-00711 (the "Adversary Case"), which sought to avoid the Transfer.

10. Subsequently, the Trustee determined that his maximum recovery if it took the Adversary Case to trial, won an judgment, and collected the entire judgment amount, was approximately $150,000. On Behalf of the Trustee, Mandell Menkes reached an agreement with Frank Senior and Frank Junior to settle the Adversary Case with a payment of $135,000. The Court entered an Order approving the settlement agreement on March 24, 2017.

3

11. On April 14, 2017, Frank Senior made a payment of $135,000 to the Trustee pursuant to the agreement to settle the Adversary Case.

## FEE APPLICATION

12. To aid the Court in its review of this Application, the Trustee's counsel has divided this Application into three parts. Part I describes the actions taken and results obtained by counsel. Part II describes the qualifications and areas of expertise of the Trustee's attorneys. Part III describes the manner in which fees and expenses were calculated by the Trustee's attorneys.

**I.   Services Performed**

Mandell Menkes spent a total of 20.5 hours drafting the Complaint in the Adversary Case, drafting a Motion for a Default Judgment, negotiating the settlement with Frank Senior's counsel, drafting the Settlement Agreement and the Motion to Approve Settlement, and in various communications with the Trustee's counsel and the Zasadnys' counsel regarding the settlement and payment of the settlement amount. Mandell Menkes spent an additional 1.0 hours drafting this fee application.

**II.   Attorney Providing Services for this Estate**

Jeffrey H. Bergman is a partner at Mandell Menkes. Mr. Bergman is a 1986 graduate of University of Wisconsin-Madison School of Law. Before joining Mandell Menkes, he was a partner at Ungaretti & Harris, LLP. Mr. Bergman specializes in business litigation, and has represented trustees, debtors, and creditors in bankruptcy cases. Mr. Bergman is also an Adjunct

4

Professor at Northwestern Pritzker School of Law, where he teaches Introduction to Trial Advocacy. Mr. Bergman performed all of the services provided by Mandell Menkes in its representation of the Trustee in the Adversary Case.

## III. Calculation of Fees

This is the Trustee's first and final application for compensation and reimbursement of fees and expenses incurred by Mandell Menkes during the Application Period.

Pursuant to its Retainer Agreement with the Trustee, Mandell Menkes seeks a total of $45,000 in attorneys' fees, which is equal to one-third of the $135,000 received by the Trustee in settlement of the Adversary Case. This amount is reasonable in light of (a) the contingent fee arrangement agreed to by the Trustee and approved by the Court in its Order authorizing retention of special counsel; (b) the risk that Mandell Menkes took that there would be no recovery or a nominal recovery; (c) the risk the Mandell Menkes took that it would be necessary to take the case to trial, potentially requiring hundreds of hours of attorney time, in order to obtain any recovery; (d) the extraordinary result Mandell Menkes obtained by quickly and efficiently negotiating a settlement that was equal to 90% of the Trustee's maximum anticipated potential recovery; and (e) the fact that a one-third contingent fee is customary for attorneys who undertake to represent plaintiffs on a contingent fee basis.

No agreement or understanding exists between Mandell Menkes and any other person for the sharing of compensation received or to be received in

connection with this Case, other than as disclosed or authorized pursuant to 11 U.S.C. §§ 327, 328, 330 and 331. No compensation has been promised to Mandell Menkes other than as disclosed or approved by this Court. Mandell Menkes certifies that there is no agreement between the firm and any other party regarding the sharing of fees except with the firm's partners, nor has the firm discussed or negotiated the amount of its fees with any party except the Trustee. Finally, Mandell Menkes represents that it is and remains a disinterested party, and does not hold any relationship adverse to the Estate.

## BASIS FOR THE REQUESTED RELIEF

13. Section 327 of the Code authorizes a trustee, with the court's approval, to employ professionals to represent the trustee. Section 328(a) of the Code states that the trustee, with the court's approval, "may employ or authorize the employment of a professional person under section 327. . . on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, **or on a contingent fee basis**."(Emphasis supplied.)

14. Under Section 330(a)(1)(A) of the Code, the Court may award a professional person "reasonable compensation for actual, necessary services rendered[.]"

15. Fee arrangements approved by a court under Section 328 prevent the court from later modifying the fee arrangement, except in rare circumstances. See *In re Nat'l Gypsum Co.*, 123 F.3d 861, 862 (5th Cir. 1997) (discussing the dichotomy between compensation under Section 328 and Section 330 and

6

holding: "If prior approval is given to a certain compensation, § 328 controls and the court starts with that approved compensation, modifying it only for developments unforeseen when originally approved."). As noted by the Third Circuit:

> Generally, a Bankruptcy Court reviewing a professional's fee application under Section 330(a)(1) must award that professional a fee that is "reasonable" in light of certain factors set out in that provision. But when a Bankruptcy Court has "fix[ed]. . . terms and conditions" of employment for an application to employ that was approved, the Court may allow compensation on different terms or conditions only if the court's initial approval "prove[s] to have been improvident in light of developments not capable of being anticipated at the time" of approval.

*In re Federal Mogul-Global Inc.*, 348 F.3d 390, 396-97 (3d Cir. 2003) (citations omitted).

16. In this case, there have been no developments not capable of being anticipated at the time the Court entered its December 2, 2016 Order authorizing the Trustee to retain Mandell Menkes for a one-third contingent fee that have proved the Court's approval of that fee arrangement improvident. The Court should therefore approve the requested one-third contingent fee of $45,000.

## NOTICE

17. Pursuant to Federal Rule, Bankruptcy Procedure 2002, this Application was served on all creditors that have timely filed claims, the U.S. Trustee, and the Debtor's attorney. While Mandell Menkes is giving 17 days notice instead of 21, the Trustee's lawyer has stated to Mandell Menkes that he does not object to shortened notice. Further, the largest creditor in this case,

7

Midwest Laminating and Coating, Inc., has told Mandell Menkes that they do not object to this fee application.

**WHEREFORE**, Mandell Menkes LLC respectfully requests that this Court enter an Order: a) allowing Mandell Menkes compensation for actual, necessary legal services in the amount of $45,000; b) authorizing the Trustee to pay Mandell Menkes's compensation; and c) granting such other relief as the Court deems just and equitable.

Dated:   April 18, 2017                                                  Respectfully submitted,

**JOJI TAKADA,** not individually but as the chapter 7 trustee of the bankruptcy estate of **FRANK ZASADNY, Jr. and LAURA ZASADNY**

By: /s Jeffrey H. Bergman
    One of his Attorneys

Jeffrey H. Bergman (6194442)
**MANDELL MENKES LLC**
One North Franklin Street, Suite 3600
Chicago, Illinois 60606
Phone:   (312) 251-1014
E-mail: jbergman@mandellmenkes.com

8